IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HOMER E. PURDY,<br><br>                Plaintiff,<br><br>v.<br><br>METLIFE HOME LOANS, LUNDBURG & ASSOCIATES, JPMORGAN CHASE, ETITLE INSURANCE AGENCY,<br><br>                Defendants. | **ORDER DENYING TEMPORARY RESTRAINING ORDER**<br><br>Case No. 1:16-cv-00028<br><br>District Judge Jill N. Parrish |

Before the court is pro se Plaintiff's Motion for Temporary Restraining Order (Docket 2). Plaintiff requests a temporary restraining order (TRO) preventing Defendants from evicting him from his home until a "show cause hearing can be held on Plaintiff's motion for a preliminary injunction." Plaintiff's motion states that a process server has been engaged to serve the motion for a TRO on the Defendants and that Plaintiff has mailed a copy of the motion to Defendants.

Although Defendants have not yet been served with the motion, Plaintiff requests immediate relief from the court. As such, the court evaluates Plaintiff's motion under Federal Rule of Civil Procedure 65(b) as a request for a TRO issued without notice to the adverse party.

> To merit a temporary restraining order or preliminary injunction, the movant must establish that "(1) [she] has a substantial likelihood of prevailing on the merits; (2) [she] will suffer irreparable injury if [she] is denied the injunction; (3) [her] threatened injury outweighs the injury that the opposing party will suffer under the injunction; and (4) an injunction would not be adverse to the public interest."

*Wiechmann v. Ritter*, 44 F. App'x 346, 347 (10th Cir. 2002) (unpublished) (quoting *Country Kids 'N City Slicks, Inc. v. Sheen,* 77 F.3d 1280, 1283 (10th Cir.1996)). In addition to satisfying these elements, for a TRO to issue without notice, Plaintiff must provide "specific facts in an

affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A) And these facts must "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *Id.* Lastly, the movant must certify "in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)–(B).

The court recognizes that Plaintiff is appearing pro se in this matter and therefore liberally construes the pleadings. Nevertheless, the court must deny Plaintiff's request for a TRO. First, while Plaintiff's motion for a TRO "refers the court to the original complaint attached to this filing wherein Plaintiff presents evidence to show Defendants" have breached covenants in the mortgage instrument and violated federal consumer protection laws, Plaintiff has not in fact filed a complaint nor attached one to this motion. The court's docket contains only two documents, a Motion for Temporary Restraining Order (Docket 2) and a Motion for Preliminary Injunction (Docket 3). The entry labeled "Complaint" contains only an identical copy of Plaintiff's Motion for a Temporary Restraining Order (Docket 2). Without a complaint, the court is unable to determine whether Plaintiff has a substantial likelihood of success on the merits or whether the injury to Plaintiff outweighs the injury to Defendants. Moreover, Rule 65(b) prohibits a court from issuing a TRO without notice unless specific facts are enumerated in an affidavit or verified complaint showing "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Because Plaintiff has not filed a verified complaint or affidavit, he has not satisfied this requirement and the court cannot properly assess whether he will suffer immediate and irreparable injury.

Additionally, while Plaintiff's motion refers to efforts made to serve the Defendants, it does not provide sufficient reasons why notice "should not be required." Fed. R. Civ. P. 65(b)(1)(B). The mere fact that eviction is imminent does not demonstrate that notice should not be required. There is no indication in Plaintiff's motion that Plaintiff has only recently learned of Defendants' intent to foreclose on Plaintiff's residence. Plaintiff filed his motion for a TRO at 4:30 p.m. on March 2, 2016. The foreclosure is apparently scheduled for 11:00 a.m. on March 3, 2016. The fact that Plaintiff has waited until the eleventh hour to seek judicial relief and now faces the prospect of foreclosure and eviction does not warrant granting a TRO without notice to Defendants.

In short, the court has before it only Plaintiff's motion for TRO, which contains only conclusory allegations of wrongdoing and is entirely devoid of facts from which the court can assess whether plaintiff has satisfied the elements for obtaining a TRO. Likewise, Plaintiff offers no real reason why the court should issue the TRO without notice to Defendants. The court DENIES Plaintiff's Motion for Temporary Restraining Order (Docket 2).

Signed March 2, 2016.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge